**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**

| | |
|---|---|
| **IN RE APPLICATION FOR ACCESS TO JUDICIAL RECORDS AND PROCEEDINGS ANCILLARY TO CERTAIN GRAND JURY PROCEEDINGS CONCERNING DONALD J. TRUMP AND THE TRUMP ORGANIZATION** | **Miscellaneous Case No. 1:22-128 (BAH)** |

**UNITED STATES' MEMORANDUM OF POINTS AND AUTHORITIES
IN OPPOSITION TO PRESS APPLICATION FOR ACCESS TO JUDICIAL RECORDS
AND PROCEEDINGS ANCILLARY TO CERTAIN GRAND JURY PROCEEDINGS
CONCERNING DONALD J. TRUMP AND THE TRUMP ORGANIZATION**

## INTRODUCTION

Pursuant to Federal Rule of Criminal Procedure 6(e) and Local Criminal Rule 6.1, the United States opposes the Press Coalition's application for access to certain alleged judicial records pertaining to grand jury proceedings. The Press Coalition seeks "access to judicial records concerning the Government's . . . request that this Court hold former President Donald J. Trump and/or his representatives in contempt for their responses to a grand jury subpoena seeking materials bearing classification markings that Trump retained after leaving the White House." Memorandum of Points and Authorities in Support of Press Application for Access to Judicial Records and Proceedings Ancillary to Certain Grand Jury Proceedings Concerning Donald J. Trump and the Trump Organization, at 1 ("Memorandum" or "Mem.").

The Government has not publicly disclosed any request to hold the former President or his representatives in contempt. Nor can the Government confirm or deny whether it has made any such request. *See, e.g.*, *In re North*, 16 F.3d 1234, 1245 (D.C. Cir. 1994) ("when the media reports information alleged to be grand jury material, 'the government is obligated to stand silent' and not confirm the information, whether it is accurate or not") (quoting *Barry v. United States*, 740 F. Supp. 888, 891 (D.D.C. 1990)). To the extent any such request exists, it and any related proceedings would be in connection with secret grand jury proceedings protected from disclosure under Rule 6(e).

The Press Coalition specifically seeks materials relating to a December 9, 2022 hearing, *see* Mem. 9, but the Court has already denied the Press Coalition's access to this hearing. According to the Press Coalition, the Court informed its counsel: "the Court held a hearing regarding an ongoing and sealed grand jury matter. This matter remains under seal, pursuant to Federal Rule of Criminal Procedure 6(e) and Local Criminal Rule 6.1." *Id.* The Press Coalition

effectively seeks reconsideration of the Court's decision that the subject of the December 9 hearing was a sealed grand jury matter but have not shown any reason to call the Court's decision into question. Accordingly, the Court should deny the Press Coalition's petition.

## BACKGROUND

After applying for and receiving permission from this Court to disclose certain information concerning grand jury materials in connection with a judicial proceeding in the Southern District of Florida, *Trump v. United States*, No. 9:22-cv-81294-AMC (S.D. Fla.), the Government has disclosed limited information about a grand jury subpoena issued to the Office of Donald J. Trump. The Government made these limited disclosures in response to a motion by former President Trump asking the Southern District of Florida to appoint a special master to review materials seized by the Government when executing a search warrant. *See* United States' Response to Motion for Judicial Oversight and Additional Relief, *Trump*, No. 9:22-cv-81294, ECF No. 48 (S.D. Fla. filed Aug. 30, 2022).[1] The Government has disclosed that it obtained a grand jury subpoena (the "Subpoena") directed to the custodian of records for the Office of Donald J. Trump (the "Office") seeking documents bearing classification markings, and that the Government obtained and executed a search warrant[2] at premises owned by former President Trump after it developed

---

[1] That judicial proceeding has now concluded. The district court initially granted in part the former President's motion, *Trump*, No. 9:22-cv-81294, 2022 WL 4015755 (S.D. Fla. Sept. 5, 2022), *vacated and remanded*, 54 F.4th 689 (11th Cir. 2022), and appointed as Special Master the Honorable Raymond J. Dearie, Senior United States District Judge for the Eastern District of New York, Order Appointing Special Master, *Trump*, No. 9:22-cv-81294, ECF No. 91 (S.D. Fla. Sept. 15, 2022). On appeal, the Eleventh Circuit held that "[t]he district court improperly exercised equitable jurisdiction in this case" and remanded to the district court with instructions to dismiss. *Trump*, 54 F.4th at 702. On remand, the district court dismissed the case for lack of jurisdiction. Order Dismissing Case, *Trump*, No. 9:22-cv-81294, ECF No. 199 (S.D. Fla. Dec. 12, 2022).

[2] In proceedings before the Magistrate Judge who issued the search warrant, certain documents concerning the search warrant have been made public, including the search warrant and a redacted version of the affidavit supporting the search warrant.

probable cause that the Office's initial response to the Subpoena was incomplete and that obstruction had occurred. *See generally id.* at 7-13.

The Memorandum cites and describes news articles concerning the Subpoena that are based on anonymous sources. *See* Mem. 7-9. One such article states that the Government made a "request that this Court 'hold Trump in contempt for failing to comply with a subpoena ordering him to turn over records marked classified.'"[3] Another article states "that the Government had 'urged' this Court 'to hold Trump's office in contempt' over its response to the Subpoena, and that a hearing on that request was set for Friday, December 9."[4] But the Government has made no such disclosure, nor has it confirmed the matters discussed in these articles. *See In re North*, 16 F.3d at 1245.

The Memorandum states that the Press Coalition sent a letter to the Court on December 9, 2022, attached as Exhibit A to the Memorandum, requesting access to a hearing taking place on December 9, 2022. *See* Mem. 9; *id.* Ex. A. The Memorandum states that the Court informed the Press Coalition that "the Court held a hearing regarding an ongoing and sealed grand jury matter. This matter remains under seal, pursuant to Federal Rule of Criminal Procedure 6(e) and Local Criminal Rule 6.1." Mem. 9.

## ARGUMENT

## I.   Materials Ancillary to Grand Jury Proceedings May Not Be Disclosed Where Disclosure Would Reveal Matters Occurring Before the Grand Jury

The federal grand jury occupies a unique and important position in our criminal justice

---

[3] Mem. 8 (quoting Katelyn Polantz et al., *Special Counsel Smith speeds ahead on criminal probes surrounding Trump*, CNN (Dec. 11, 2022), https://www.cnn.com/2022/12/11/politics/jack-smith-special-counsel-high-profilemoves-trump-criminal-investigations/index.html).

[4] Mem. 9 (quoting Spencer S. Hsu et al., *Justice Department asks judge to hold Trump team in contempt over Mar-a-Lago case*, Washington Post (Dec. 8, 2022), https://www.washingtonpost.com/nation/2022/12/08/trump-contempt-mar-a-lago-records/).

system.  "It serves the 'dual function of determining if there is probable cause to believe that a crime has been committed and of protecting citizens against unfounded criminal prosecutions.'" *United States v. Sells Eng'g, Inc.*, 463 U.S. 418, 423 (1983) (quoting *Branzburg v. Hayes*, 408 U.S. 665, 686-87 (1972)).  Accordingly, it "serv[es] as a kind of buffer or referee between the Government and the people."  *United States v. Williams*, 504 U.S. 36, 47 (1992).  To fulfill this important role, the grand jury has "always" been afforded "extraordinary powers of investigation and great responsibility for directing its efforts."  *Sells Eng'g*, 463 U.S. at 423.

The Supreme Court "consistently ha[s] recognized that the proper functioning of our grand jury system depends upon the secrecy of grand jury proceedings." *Douglas Oil Co. v. Petrol Stops N.W.*, 441 U.S. 211, 218 (1979).  There is no First Amendment or common law right to access matters occurring before the grand jury or matters ancillary to grand jury proceedings.  *See In re Mots. of Dow Jones & Co.*, 142 F.3d 496, 500-04 (D.C. Cir. 1998).  Instead, both "grand jury proceedings and related matters operate under a strong presumption of secrecy."  *In re Sealed Case*, 199 F.3d 522, 526 (D.C. Cir. 2000).  This rule of secrecy is "so well established" that the D.C. Circuit has noted "a plethora of authority recognizing that the grand jury context presents an unusual setting where privacy and secrecy are the norm."  *In re Grand Jury Subpoena, Judith Miller*, 438 F.3d 1141, 1150 (D.C. Cir. 2006) (quoting *In re Sealed Case*, 199 F.3d at 526).  Grand jury secrecy is crucial to "safeguard[ing] vital interests," including "(1) preserving the willingness and candor of witnesses called before the grand jury; (2) not alerting the target of an investigation who might otherwise flee or interfere with the grand jury; and (3) preserving the rights of a suspect who might later be exonerated."  *McKeever v. Barr*, 920 F.3d 842, 844 (D.C. Cir. 2019) (citing *Douglas Oil*, 441 U.S. at 219).  The existence of an ongoing investigation "only heightens the need for maintaining grand jury secrecy," so that the investigation may be conducted "out of the public

eye and with the full cooperation of witnesses who have no fear their role in the investigation will be lightly disclosed." *In re Grand Jury Subpoena, Judith Miller*, 438 F.3d 1138, 1141 (D.C. Cir. 2006). Accordingly, the Press Coalition's argument that "transparency is essential to maintaining public confidence in our system of justice," Application 2, gets it backward. The Supreme Court and the D.C. Circuit have repeatedly acknowledged that with respect to grand jury proceedings, secrecy (rather than transparency) is vital to maintaining the proper function of our justice system.

The expectation of grand jury secrecy is reflected in both the Federal Rules of Criminal Procedure and the Local Criminal Rules of this District. *See In re Grand Jury Subpoena No. 7409*, 2019 WL 2169265, at *2 (D.D.C. Apr. 1, 2019). Federal Rule of Criminal Procedure 6(e) prohibits virtually every person privy to grand jury proceedings—but not witnesses or their counsel—from "disclos[ing] a matter occurring before the grand jury." Fed. R. Crim. P. 6(e)(2)(B). Covered individuals include grand jurors, interpreters, court reporters, and attorneys for the government. *See id.* Rule 6(e) requires that "[r]ecords, orders, and subpoenas relating to grand-jury proceedings must be kept under seal to the extent and as long as necessary to prevent the unauthorized disclosure of a matter occurring before the grand jury." *Id.* at 6(e)(6). Matters "occurring before the grand jury" encompass all "information that would 'tend to reveal some secret aspect of the grand jury's investigation, including the identities of witnesses or jurors, the substance of testimony, the strategy or direction of the investigation, or the deliberations or questions of jurors.'" *Bartko v. U.S. Dep't of Justice*, 898 F.3d 51, 73 (D.C. Cir. 2018) (quoting *Hodge v. FBI*, 703 F.3d 575, 580 (D.C. Cir. 2018)).

Local Criminal Rule 6.1 also establishes a presumption of secrecy with respect to matters ancillary to grand jury proceedings, but provides district courts discretion to release information that would not reveal Rule 6(e) material. The Local Rule mandates that "motion[s] or

application[s]," response or reply briefs, and court orders entered in connection with "matter[s] occurring before a grand jury" be filed under seal. LCrR 6.1. It also requires that "[a]ll hearings on matters affecting a grand jury proceeding shall be closed, except for contempt proceedings in which the alleged contemnor requests a public hearing." *Id.*[5] Local Rule 6.1 authorizes a district court, sua sponte or in response to a motion, to make public covered "[p]apers, orders, and transcripts," but only "upon a finding that continued secrecy is not necessary to prevent disclosure of matters occurring before the grand jury." *Id.* Where a party makes a request for materials ancillary to grand jury proceedings, the district court is to "duly consider the request" and "if it denies the request, offer some explanation." *In re Sealed Case*, 199 F.3d at 523. The D.C. Circuit has recognized that "matters occurring before the grand jury" may be so "woven tightly into . . . ancillary proceeding[s]" that no such material can be released. *Dow Jones*, 142 F.3d at 505; *see also In re North*, 16 F.3d at 1242 (acknowledging that "redaction is simply not possible" in some circumstances).

       "Rule 6(e) does not create a type of secrecy which is waived once public disclosure occurs." *Dow Jones*, 142 F.3d at 505 (quoting *In re North*, 16 F.3d at 1245). For example, "when the media reports information alleged to be grand jury material, 'the government is obligated to stand silent' and not confirm the information, whether it is accurate or not." *In re North*, 16 F.3d at 1245 (quoting *Barry*, 740 F. Supp. at 891). The D.C. Circuit has held that information that is "sufficiently widely known" may "los[e] its character as Rule 6(e) material." *Dow Jones*, 142 F.3d at 505 (quoting *In re North*, 16 F.3d at 1245). But even where certain material has lost its Rule 6(e) character as a result of extensive disclosures, the D.C. Circuit has made clear that such

---

[5] The Press Coalition does not contend that any of the materials sought involve contempt hearings in which an alleged contemnor requested a public hearing.

disclosures do not operate as a categorical waiver of all materials associated with the grand jury investigation at issue. Instead, all grand jury matters that remain secret retain their Rule 6(e) status. *See*, *e.g.*, *In re Grand Jury Subpoena, Judith Miller*, 493 F.3d 152, 155 (D.C. Cir. 2007) (unsealing materials "only to the extent they have been previously revealed"); *Dow Jones*, 142 F.3d at 505 (same).

The D.C. Circuit has found that information was so widely known as to lose its character as Rule 6(e) material in two situations: (1) where a grand jury witness or witness's counsel widely and publicly disclosed it; or (2) where there have been other types of governmental disclosures, such as release of reports under the former independent counsel statute. For example, in *Dow Jones*, the identity of a grand jury subpoena recipient was no longer protected by Rule 6(e) where that person's counsel "virtually proclaimed from the rooftops that his client had been subpoenaed to testify before the grand jury." 142 F.3d at 505; *see also In re Sealed Case*, 192 F.3d 995, 1004 (D.C. Cir. 1999) (President Clinton's status as a grand jury witness no longer protected under Rule 6(e) where "the President himself went on national television the day of his testimony to reveal this fact"). In *In re North*, Rule 6(e) material lost its protected character where independent counsel included a significant amount of it in a report to Congress and it was then extensively reported upon by the media. 16 F.3d at 1244-45; *see also Judicial Watch v. Tillerson*, 270 F. Supp. 3d 1, 6 (D.D.C. 2017) (finding that grand jury information already revealed by the Government lost its Rule 6(e) character). And in *In re Grand Jury Subpoena, Judith Miller*, the D.C. Circuit ordered the release of documents that discussed grand jury matters that were either revealed during a criminal trial or disclosed broadly by grand jury witnesses. *See* 493 F.3d at 154-55 ("Although not every public disclosure waives Rule 6(e) protections, one can safely assume that the 'cat is out of the bag' when a grand jury witness . . . discusses his role on the CBS Evening News.").

The D.C. Circuit has distinguished such disclosures from "press reports relying on unnamed sources," which it has not, without more, found to erode secrecy to such an extent that grand jury materials lose their Rule 6(e) protections. *See Dow Jones*, 142 F.3d at 505. Such a distinction makes good sense and is consistent with preserving the interests served by grand jury secrecy. *See Douglas Oil*, 441 U.S. at 219. Where a witness speaks herself, she has diminished her own privacy interests in maintaining the confidentiality of her involvement and has voluntarily exposed herself to public scrutiny. *See id.* Similarly, where the government makes a disclosure of its own investigation—often after indictment or an investigation has ended—it has had the opportunity to first consider the law enforcement interests in maintaining secrecy, including the risks of flight and of interference with witnesses. *See id.* In contrast, where the media publishes anonymously sourced or speculative reports, neither the grand jury witness nor the government has had a part in diminishing, or made a choice to diminish, the law enforcement and privacy interests protected by grand jury secrecy. *Cf. In re Application of WP Co.*, 201 F. Supp. 3d 109, 130 (D.D.C. 2016) (finding, in the context of a motion to unseal search warrant materials, "troubling" the "suggestion that unauthorized disclosures . . . have the effect of extinguishing the privacy, reputational, and due process interests of uncharged third parties").

## II.     The Application Seeks Materials that Would Contain Grand Jury Matters Protected by Rule 6(e)

The application seeks records concerning an alleged "request that this Court hold former President Donald J. Trump and/or his representatives in contempt for their responses to a grand jury subpoena," Mem. 1, which request the Government has neither confirmed nor denied. But if materials requested by the Press Coalition exist, such materials would contain discussion of grand jury matters that are secret under Rule 6(e). A request to hold a recipient of a grand jury subpoena in contempt is part of an effort to secure compliance with a subpoena. Therefore, such requests

(and litigation over such requests) would inherently "tend to reveal some secret aspect of the grand jury's investigation," including information about what the grand jury was investigating, the strategy of the investigation, and steps the Government was taking to pursue the investigation. *Bartko*, 898 F.3d at 73. Even if a subpoena itself is public, that does not diminish the secret character of alleged ongoing efforts to secure compliance with a subpoena. The Press Coalition does not dispute that the materials it requests may contain secret grand jury materials, requesting that the Court "unseal the requested records with . . . redactions" to protect secret grand jury material. Mem. 10-11. But this request ignores that when "matters occurring before the grand jury" are "woven tightly into the ancillary proceeding," then "none of the material could be released." *Dow Jones*, 142 F.3d at 505; *see also In re North,* 16 F.3d at 1242 (sometimes "redaction is simply not possible").

Indeed, the Court has already denied the Press Coalition's request for access to the December 9 hearing, which is part of the Press Coalition's request and which the Press Coalition asserts was related to an alleged request to hold the former President or his Office in contempt (an assertion the Government neither confirms nor denies). Mem. 9-10. In so doing, the Court informed the Press Coalition that the hearing was "regarding an ongoing and sealed grand jury matter. This matter remains under seal, pursuant to Federal Rule of Criminal Procedure 6(e) and Local Criminal Rule 6.1." Mem. 9. In seeking a transcript of that hearing and related materials, the Press Coalition essentially seeks reconsideration of the Court's decision, but they provide no basis for doing so.[6]

---

[6] A motion for reconsideration is available only "as justice requires." *See United States v. Hemingway*, 930 F. Supp. 2d 11, 12 (D.D.C. 2013). And a court should grant a motion to reconsider only if it "finds that there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996); *see also Cruz v. Fed. Election Comm'n*, No. 19-

### III.   The Press Coalition Fails to Show that any Requested Information Has Lost Rule 6(e) Secrecy by Virtue of Public Disclosures

The Press Coalition argues that its request is authorized by the principle "that 'when once-secret grand jury material becomes sufficiently widely known, it may lose its character as Rule 6(e) material.'"  Mem. 2 (quoting *In re Grand Jury Subpoena, Judith Miller*, 493 F.3d at 154). But the Press Coalition fails to show that any of the requested materials meet this standard. Crucially, the D.C. Circuit has differentiated between news articles derived from anonymous sources, which do not erode grand jury secrecy, *see Dow Jones*, 142 F.3d at 505, and public disclosures by the Government, a grand jury witness, or a witness's counsel, which can erode grand jury secrecy under some circumstances, *see id.*; *In re Sealed Case*, 192 F.3d at 1004; *North*, 16 F.3d at 1244-45; *supra*, pp. 7-8.  Here, the Government has disclosed limited information about the Subpoena, including the Subpoena itself and the search warrant obtained and executed by the Government after the Government developed evidence that the Office's initial production was incomplete and that obstruction had occurred.  *See supra*, pp. 2-3.  However, the Press Coalition cites no Government disclosures of any information concerning any request by the Government to hold the former President or his Office in contempt, and the Government has neither confirmed nor denied the existence of such a request.  Rather, Press Coalition cites only reporting derived from anonymous sources about an alleged contempt request, which does not erode Rule 6(e) protections.  *See generally* Mem. 7-9; *see also* Polantz, *supra* (citing unnamed "people familiar with the matter," but noting that "a spokesman for the Justice Department didn't provide any comment for this story"); Hsu, *supra* (citing unnamed "people familiar with the matter" and

---

cv-908 (NJR) (APM) (TJK), 2020 WL 7699951, at *1 (D.D.C. Apr. 24, 2020) (articulating similar "as justice requires" standard for a motion to reconsider: "(1) an intervening change in the law; (2) the discovery of new evidence not previously available; or (3) a clear error in the first order") (internal quotation marks and citation omitted).

"people with knowledge of the matter," but noting that "[a] Justice Department spokesman declined to comment").

The limited Government disclosures about the Subpoena do not remove Rule 6(e) protections for the alleged materials sought by the Press Coalition. The case law is clear that any public disclosures of grand jury materials do not operate as a broad subject-matter waiver of grand jury secrecy. Instead, all grand jury matters that remain secret retain their Rule 6(e) status. *See, e.g.*, *In re Grand Jury Subpoena, Judith Miller*, 493 F.3d at 155 (unsealing materials "only to the extent they have been previously revealed"). Therefore, limited court-authorized disclosures about the Subpoena do not justify unsealing of records concerning matters still protected by Rule 6(e).

## CONCLUSION

For the reasons set forth above, the application should be denied.

Dated: January 5, 2023

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General
Civil Division

ELIZABETH J. SHAPIRO
Deputy Director
Civil Division, Federal Programs Branch

*/s/ Jeremy S.B. Newman*
JEREMY S.B. NEWMAN
Trial Attorney (DC Bar No. 1024112)
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20005
Tel: (202) 532-3114
Fax: (202) 616-8470
Email: jeremy.s.newman@usdoj.gov

*Counsel for the United States*

11