UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE PRESS APPLICATION FOR ACCESS TO JUDICIAL RECORDS AND PROCEEDINGS ANCILLARY TO CERTAIN GRAND JURY PROCEEDINGS CONCERNING DONALD J. TRUMP AND THE TRUMP ORGANIZATION | Miscellaneous Action No. 22-128 (BAH) <br><br> Chief Judge Beryl A. Howell |

**MEMORANDUM AND ORDER**

Multiple members of the press have petitioned, pursuant to Local Criminal Rules 57.6 and 6.1, for "access to certain judicial records pertaining to the grand jury subpoena issued to the Custodian of Records for the Office of Donald J. Trump on May 11, 2022." Pet'rs' Appl. Access Jud. Records at 1 ("Pet'rs' Appl."), ECF No. 1.[1] Petitioners specifically seek "access to all motions, memoranda, exhibits, opinions, orders, hearings, hearing transcripts, and other judicial records related to" the government's purported "request to hold former President Trump or his representatives in contempt with regard to the response to that subpoena." *Id.*[2] This application is denied for the reasons outlined below.

I.   **DISCUSSION**

Recognizing that Federal Rule of Criminal Procedure 6(e) restricts disclosure of "a matter occurring before the grand jury," petitioners nonetheless maintain that, pursuant to Local Criminal

---

[1] Petitioners are a coalition of media organizations including CBS Broadcasting Inc. o/b/o CBS News, American Broadcasting Companies, Inc. d/b/a ABC News, The Associated Press, Bloomberg L.P., Cable News Network, Inc., Dow Jones & Company, Inc., publisher of The Wall Street Journal, The E.W. Scripps Company, Gannett Co., Inc., Gray Media Group, Inc., Los Angeles Times Communications LLC, National Public Radio, Inc., NBCUniversal Media, LLC d/b/a NBC News, The New York Times Company, POLITICO LLC, Pro Publica, Inc., and WP Company LLC, d/b/a The Washington Post. Pet'rs' Appl. at 1.

[2] Petitioners' instant application comes on the heels of the Court's denial of their request for public access to a hearing on the government's alleged contempt motion. Pet'rs' Appl. at 6.

1

Rule 6.1, "records of such proceedings 'may be made public by the Court on its own motion or on motion of any person upon a finding that continued secrecy is not necessary to prevent disclosure of matters occurring before a grand jury[.]'" *Id.* at 1–2 (quoting D.D.C. LCRR 6.1). "Given the profound interest in these judicial records, the extensive public judicial disclosure of the events at issue, and the gravity of a request by the Government to hold a former President and current presidential candidate in contempt," plaintiffs assert that the Court has discretion here to disclose "redacted versions of any judicial records related to this contempt dispute." *Id.* at 6. To demonstrate the public disclosure of the government's request, petitioners point to the public release of a subpoena issued in May 2022 (the "Subpoena") that the former president received, *see id.* at 5 (citing Order, *In re Application of USA for Order Pursuant to Fed. R. Crim. P. 6(E)(3)(E)(I) for Limited Disclosure of Matter Occurring Before a Grand Jury*, No. 22-GJ-37 (D.D.C. Aug. 29, 2022) (Howell, C.J.) at 2 (authorizing the Government "to discuss" the Subpoena "as well as any correspondence or communications directly flowing from that subpoena" in "filings and at any hearing" in connection with Trump's collateral litigation over the Mar-a-Lago search)) and the widely reported August 8, 2022, search of the former president's home in Mar-a-Lago, *id.* at 11–13. Moreover, petitioners also say that the investigation into the former president's handling of classified documents has been widely reported. *Id.* at 11–13 (*citing, e.g.*, Devlin Barrett & Josh Dawsey, *Trump worker told FBI about moving Mar-a-Lago boxes on ex-president's orders*, THE WASHINGTON POST (Oct. 12, 2022), available at https://www.washingtonpost.com/nationalsecurity/2022/10/12/maralago-witness-trump-boxes-moved/, and Spencer S. Hsu et al., *Justice Department asks judge to hold Trump team in contempt over* Mar-a-Lago case, THE WASHINGTON POST (Dec. 8, 2022), available at https://www.washingtonpost.com/nation/2022/12/08/trump-contempt-mar-alago-records/)).

Given these disclosures, from both the government and reporting by the press, petitioners assert that sealing the records they seek is no longer "necessary to preserve the secrecy of matters before the grand jury." *Id.* at 15.

The government opposes petitioners' request because the requested records relate to grand-jury proceedings, which, pursuant to Federal Rule of Criminal Procedure 6(e), "must be kept under seal to the extent and as long as necessary to prevent the unauthorized disclosure of a matter occurring before the grand jury." Gov't's Opp'n Pet'rs' Appl at 5, ECF No. 42.  The records involve "'matters occurring before the grand jury' [that] are 'woven tightly into the ancillary proceeding,' [so] 'none of the material [can] be released.'" *Id.* at 9 (quoting *In re Mots. of Dow Jones & Co.*, 142 F.3d 496, 500-04 (D.C. Cir. 1998)).  Discounting the extent of public disclosure, the government points to the two circumstances in which information is "so widely known as to lose its character as Rule 6(e) material"—namely, "(1) where a grand jury witness or witness's counsel widely and publicly disclosed it; or (2) where there have been other types of governmental disclosures"—and correctly states that neither condition is satisfied here, *id.* at 7.  Indeed, petitioners' citation to news articles derived from anonymous sources is unpersuasive because, under binding case law, such reporting "do[es] not erode grand jury secrecy." *Id.* at 10 (citing *Dow Jones*, 142 F.3d at 505).  Furthermore, as the government notes, plaintiffs have cited "no Government disclosures of any information concerning any request by the Government to hold the former President or his Office in contempt, and the Government has neither confirmed nor denied the existence of such a request." *Id.*

Three considerations recently highlighted in *In Re Application of the New York Times Company and Charlie Savage ("In re N.Y. Times")*, No. MC 22-100 (BAH), 2023 WL 2185826 (D.D.C. Feb. 23, 2023), counsel strongly for denial of the instant petition.  First, the government

has neither confirmed or denied the existence of a contempt proceeding against the former president and/or his representatives for their responses to the Subpoena. *See* Gov't's Opp'n at 8. Petitioners' belief that a contempt proceeding against the former president occurred is solely based on an unconfirmed news report, which is insufficient to lift the veil of grand jury secrecy. *In re N.Y. Times*, 2023 WL 2185826, at *10 ("[P]recedent and practice counsel against any unsealing when statements about an ongoing grand jury investigation made in the press are not directly attributed to the government, grand jury witnesses, or targets. . . . Absent such reliable, credible, and authoritative disclosures of grand jury matters, Rule 6(e) protections remain intact."). Even though the government disclosed the existence of the Subpoena in connection with another judicial proceeding pending in another circuit, that disclosure, like the government's announcement of the special counsel investigation in *N.Y. Times*, did not reveal the details of ancillary proceedings relating to the government's efforts to enforce, and the former president's efforts to comply, with the Subpoena. *See In re Grand Jury Subpoena, Judith Miller*, 493 F.3d 152, 155 (D.C. Cir. 2007) (providing that grand jury materials can be unsealed "only to the extent they have been previously revealed"); *Barry v. United States*, 740 F. Supp. 888, 891 (D.D.C. 1990) ("Rule 6(e) does not create a type of secrecy which is waived once public disclosure occurs.").

Second, responding to petitioners' request would be infeasible without disclosing grand jury material because, if the government asked to hold the former president in contempt, as petitioners allege, that request would have been part of an effort to secure compliance with the grand jury Subpoena. Giving petitioners access to all "motions, memoranda, exhibits, opinions, orders, hearings, hearing transcripts, and other judicial records" related to the government's purported contempt request, Pet'rs' Appl. at 1, would, as the government suggests, include "information about what the grand jury was investigating, the strategy of the investigation, and

steps the Government was taking to pursue the investigation," Gov't's Opp'n at 9. Just as this Court determined in *In re N.Y. Times* that disclosure of redacted materials would be impossible because those materials are "deeply intertwined with non-secret information," 2023 WL 2185826, at *13, so too would disclosure here, if such a proceeding existed, prove impossible without revealing grand jury materials because the requested filings would invariably and consistently touch on "matters occurring before the grand jury" that have not been revealed to the public through authoritative disclosures, either by the government, the Court, or grand jury witnesses. In short, "'redaction is simply not possible.'" *Dow Jones*, 142 F.3d at 505 (quoting *In re North*, 16 F.3d 1234, 1242 (D.C. Cir. 1994)).

Third, "the degree of attention paid to a matter," *In re N.Y. Times*, 2023 WL 2185826, at *10 (quotation marks omitted), militates against disclosure because, as in *In re N.Y. Times* and as petitioners concede, *see* Pet'rs' Appl. at 11–13, the investigation into the alleged mishandling of classified documents and possible obstruction of that investigation by the former president and/or his associates has been the subject of wide reporting. The release of records concerning any proceedings will "only [ ] fill gaps in public reporting and thus violate Rule 6(e)(2)." *In re N.Y. Times*, 2023 WL 2185826, at *10; *see also In re North,* 16 F.3d at 1245 (citation omitted) ("[I]t is commonly said that when the media reports information alleged to be grand jury material, the government is obligated to stand silent and not confirm the information, whether it is accurate or not.").

## II.  CONCLUSION AND ORDER

In short, "absent any applicable enumerated exception allowing disclosure under Rule 6(e) of the requested information . . . , and the impossibility of fairly excising, through redactions, grand jury matters from any of the requested materials, particularly in this context of highly focused

media attention, grand jury secrecy does not yield in this case at this time and requires denial of petitioners' applications." *In re N.Y. Times*, 2023 WL 2185826, at *15. Accordingly, it is hereby—

**ORDERED** that petitioners' Application for Access to Judicial Records and Proceedings, ECF No. 1, is **DENIED** without prejudice; it is further

**ORDERED** that the Clerk of the Court is directed to close this case.

**SO ORDERED.**

*This is a final and appealable Order.*

Date:  March 11, 2023

                                                                                          _____
                                                                                          BERYL A. HOWELL
                                                                                          Chief Judge